Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL III

| El Pueblo De Puerto Rico **Recurrida** V. Heriberto García Parra **Peticionario** | TA2026CE00295 | *CERTIORARI* procedente del Tribunal de Primera Instancia Sala Superior de Ponce Civil Núm. J DC1998G0028 Sobre: A138/Secuestro Fuera de Puerto Rico |
|---|---|---|

Panel integrado por su presidente, el Juez Hernández Sánchez, el Juez Rivera Torres y el Juez Marrero Guerrero.

Hernández Sánchez, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 11 de marzo de 2026.

El 5 de marzo de 2026, el Sr. Heriberto García Parra (señor García o peticionario), miembro de la población correccional, compareció ante nos, por derecho propio, mediante un recurso de *certiorari* el cual intituló *Petición de Recurso Extraordinario*. Según el expediente ante nuestra consideración, el peticionario recurre de una *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de Ponce (TPI) el 1 de octubre de 2025, mediante la cual denegó su solicitud de *habeas corpus*. La referida *Resolución* fue notificada inicialmente en esa misma fecha, es decir, el 1 de octubre de 2025. Sin embargo, posteriormente, el TPI enmendó la notificación con el propósito de corregir una dirección, por lo que la notificación enmendada fue finalmente cursada al peticionario el 1 de diciembre de 2025.

I.

El señor García presentó ante el TPI una solicitud *de habeas corpus* mediante la cual impugnó dos (2) sentencias, una de la región judicial de Carolina y otra de Ponce. Según expone el

peticionario, el TPI le condenó a cumplir una pena de cincuenta (50) años de reclusión, concurrente con otra sentencia, y una pena adicional de cuarenta (40) años de reclusión a cumplirse de manera consecutiva.[1] Examinada la referida solicitud, el TPI la declaró No Ha Lugar mediante *Resolución* emitida y notificada inicialmente el 1 de octubre de 2025. Posteriormente, el TPI emitió una *Orden* el 21 de noviembre de 2025, a los fines de enmendar la notificación de dicha *Resolución* para corregir la dirección del peticionario, tras lo cual se cursó una Notificación Enmendada, la cual fue debidamente notificada el 1 de diciembre de 2025.[2]

Inconforme con la denegatoria de su solicitud de *habeas corpus*, el 5 de marzo de 2026, fecha que surge del ponche de Secretaría de este Tribunal, el peticionario presentó el recurso de epígrafe. En esencia, argumentó que el TPI erró al denegar de plano su solicitud sin atender los méritos de la controversia planteada ni evaluar la prueba presentada y al no conceder una vista de *habeas corpus*.

Examinado el recurso que nos ocupa, y con el propósito de lograr el "más justo y eficiente despacho" del asunto ante nuestra consideración, prescindimos de términos, escritos o procedimientos ulteriores. Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 141, pág. 15, 215 DPR __ (2025).

## II.

### -A-

La jurisdicción es la autoridad que posee un tribunal para considerar y adjudicar determinada controversia o asunto. *Pérez López y otros v. CFSE*, 189 DPR 877, 882 (2013). La falta de jurisdicción trae consigo las consecuencias siguientes:

---

[1] Cabe precisar que, desconocemos por cuales delitos el peticionario fue sentenciado.

[2] *Véase*, Entrada Núm. 2, SUMAC TA.

(a) no es susceptible de ser subsanada; (b) las partes no pueden voluntariamente conferírsela a un tribunal, como tampoco puede este arrogársela; (c) conlleva la nulidad de los dictámenes emitidos; (d) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; motu proprio impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso; y (f) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal motu proprio. *MCS Advantage v. Fossas Blanco et al.,* 211 DPR 135, 145 (2023).

A tono con lo anterior, nuestro Tribunal supremo ha expresado que los tribunales **"debemos ser celosos guardianes de nuestra jurisdicción", por lo que tenemos la indelegable labor de auscultarla, incluso cuando ello no se nos haya planteado**. (Énfasis nuestro). *Yumac Home v. Empresas Massó,* 194 DPR 96, 103 (2015). Así pues, "las cuestiones jurisdiccionales deben ser resueltas con preferencia, y de carecer un tribunal de jurisdicción lo único que puede hacer es así declararlo". *Pérez Lopez y otros v. CFSE,* supra, pág. 883. Ello, ya que los tribunales no tenemos discreción para asumir jurisdicción donde no la tenemos. *Yumac Home v. Empresas Massó,* supra, pág. 103. Cuando este Foro carece de jurisdicción, procede la inmediata desestimación del recurso apelativo. *Freire Ruiz v. Morales Román,* 2024 TSPR 129, 214 DPR ____ (2024).

De otra parte, un recurso presentado prematura o tardíamente priva insubsanablemente de jurisdicción y autoridad al tribunal ante el cual se recurre para atender el asunto, caso o controversia. *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 98 (2008). Estos tipos de recursos carecen de eficacia y no producen ningún efecto jurídico, pues, al momento de su presentación, su naturaleza prematura o tardía hace que el foro apelativo no tenga autoridad alguna para acogerlo. Íd. Conforme a lo que antecede, este Tribunal de Apelaciones puede desestimar, *motu proprio,* un recurso prematuro o tardío por carecer de jurisdicción.

**-B-**

La Regla 32 (C) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 141, pág. 49, 215 DPR __ (2025), señala que:

> El recurso de *certiorari* para revisar cualquier otra resolución, orden o dictamen revisable por esta vía de conformidad con la ley, incluida una orden de protección, así como revisar una sentencia final producto de una solicitud de revisión de un laudo de arbitraje del Tribunal de Primera Instancia se formalizará **mediante la presentación de una solicitud dentro de los treinta días siguientes a la fecha del archivo en autos de una copia de la notificación de la resolución u orden recurrida, a menos que alguna ley especial aplicable disponga un término distinto. Este término es de cumplimiento estricto.** (Énfasis nuestro).

III.

Es harto sabido que las cuestiones relativas a la jurisdicción de un tribunal para atender ciertas controversias deben resolverse con preferencia. Por consiguiente, de entrada, resolvemos que este Tribunal de Apelaciones carece de jurisdicción para atender la controversia que nos ocupa. Ello, toda vez que el presente recurso se presentó en una fecha posterior al término de cumplimiento estricto de treinta (30) días que dispone nuestro reglamento sin presentar justa causa.

Tal y como discutimos en la exposición de derecho, una persona adversamente afectada por una Orden o Resolución que dicte el TPI tiene un término de cumplimiento estricto de treinta (30) días a partir de la notificación de dicho dictamen para acudir en alzada ante este foro mediante un recurso de *certiorari*. Regla Regla 32 (C) del Reglamento del Tribunal de Apelaciones, *supra*, pág. 49.

En el caso de autos, el 1 de octubre de 2025, el TPI dictó una *Resolución* mediante la cual denegó la solicitud de *habeas corpus* que el peticionario presentó. La referida *Resolución* fue notificada inicialmente en esa misma fecha, es decir, el 1 de octubre de 2025.

Sin embargo, posteriormente, el TPI enmendó la notificación con el propósito de corregir una dirección, por lo que la notificación enmendada de la referida *Resolución* fue finalmente cursada el **1 de diciembre de 2025**. El peticionario no presentó ninguna moción de reconsideración, por lo que, el término para acudir en revisión judicial nunca fue interrumpido.

Dicho lo anterior, el señor García tenía hasta el **31 de diciembre de 2025** para presentar su recurso de *certiorari* ante este foro. No obstante, según surge del ponche de Secretaría de este Tribunal, el señor García presentó su escrito el 5 de marzo de 2026, es decir, sesenta y cuatro (64) días después de vencido el término para acudir en alzada. Por lo cual, el recurso fue presentado fuera del término dispuesto en nuestro ordenamiento. En virtud de lo anterior, nos encontramos forzados a desestimar el recurso de epígrafe por tardío conforme a la facultad que nos otorga la Regla 83 (B) (1) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 141, pág. 116, 215 DPR __ (2025).

IV.

Por los fundamentos previamente expuestos, ***desestimamos*** el recurso de *certiorari* por falta de jurisdicción por tardío. Además, ordenamos a la Departamento de Corrección y Rehabilitación que entregue copia de esta *Resolución* al señor García.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones